IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HAMID IHSAN, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-17-2546
 §
WEATHERFORD U.S., L.P., §
 §
 Defendant. §

### MEMORANDUM OPINION AND ORDER

Plaintiff Hamid Ihsan brought this action against defendant Weatherford U.S., L.P. asserting claims for employment discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981-1988 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq. ("Title VII"), and Texas Commission on Human Rights Act, Texas Labor Code §§ 21.051(1) and 21.055, based on race (South-Asian), color (darker skin color), national origin (Pakistani-born), and religion (Muslim).[1] By Memorandum Opinion and Order and Final Judgment entered on May 21, 2019 (Docket Entry Nos. 30 and 31), the court granted defendant's motion for summary judgment and dismissed this action with prejudice. Pending before the court is Plaintiff's Motion for Reconsideration (Docket Entry No. 34). For the reasons stated below, Plaintiff's Motion for Reconsideration will be denied.

---

[1]Original Complaint and Jury Request ("Original Complaint"), Docket Entry No. 1, p. 2 ¶ 7.

## I. Background

This action arises from defendant's termination of plaintiff's employment as a mechanical engineer at defendant's facility in Kingwood, Texas, on September 28, 2015. The factual background is set forth at length in the May 21, 2019, Memorandum Opinion and Order (Docket Entry No. 30). In short, plaintiff alleges that defendant discriminated against him on the basis of race (South-Asian), color (darker skin color), national origin (Pakistani-born), and religion (Muslim) when it terminated his employment.

Plaintiff filed this action on August 18, 2017 (Docket Entry No. 1). On December 21, 2018, defendant moved for summary judgment on all of plaintiff's claims (Docket Entry No. 21). On May 21, 2019, the court granted defendant's motion for summary judgment, and dismissed this action with prejudice.[2]

Defendant timely filed its Bill of Costs on June 4, 2019 (Docket Entry No. 32). Plaintiff did not file any objections to the Bill of Costs. On June 20, 2019, costs were taxed to the plaintiff in the amount of $7,481.23.

On June 20, 2019, plaintiff filed Plaintiff's Motion for Reconsideration (Docket Entry No. 34) in which plaintiff seeks relief from the final judgment that followed the court's grant of the defendant's motion for summary judgment, and relief from the costs taxed against him.

---

[2]Memorandum Opinion and Order, Docket Entry No. 30; Final Judgment, Docket Entry No. 31.

## II. Standard of Review

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration," St. Paul Mercury Insurance Company v. Fair Grounds Corporation, 123 F.3d 336, 339 (5th Cir. 1997), and plaintiff does not address the standard of review this court should apply with respect to the pending motion for reconsideration. In this circuit motions to reconsider grants of summary judgment are treated as either a motion to alter or amend judgment under Rule 59(e) if filed within 28 days of the judgment at issue, or a motion for relief from judgment or order under Rule 60(b) if filed more than 28 days after the judgment at issue. See Steward v. City of New Orleans, 537 F. App'x 552, 554 (5th Cir. 2013) (per curiam). The court granted the defendant's motion for summary judgment and entered the final judgment from which the plaintiff seeks relief on May 21, 2019, and plaintiff filed his motion for reconsideration on June 20, 2019, thirty days later. Because the pending motion for reconsideration was filed more than twenty-eight days after the judgment from which plaintiff seeks relief, the pending motion for reconsideration is subject to review under Rule 60(b).

Rule 60(b) provides, in part, that a district court "may relieve a party . . . from a final judgment" for any one of the following six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Denial of a Rule 60(b) motion is reviewed for an abuse of discretion. United States ex rel Gage v. Davis S.R. Aviation, L.L.C., 658 F. App'x 194, 197-98 (5th Cir. 2016) (per curiam) (citing Goldstein v. MCI WorldCom, 340 F.3d 238, 257 (5th Cir. 2003)).

Courts considering such motions are duty-bound to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). When additional evidence not part of the summary judgment record is submitted in support of a motion for reconsideration, courts consider the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available before the party responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. See Lavespere v. Niagara Machine & Tool Works, Inc., 910

F.2d 167, 174 (5th Cir. 1990). "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir.), cert. denied sub nom. Irvin v. Hydrochem, Inc., 125 S. Ct. 411 (2004).

### III. Analysis

Plaintiff's Motion for Reconsideration seeks relief from the judgment that followed the court's grant of the defendant's motion for summary judgment, and relief from defendant's bill of costs.

**A. Plaintiff is Not Entitled to Relief from Judgment.**

Plaintiff has not identified which, if any, of the six enumerated reasons for a Rule 60(b) motion on which he is relying. Instead, plaintiff argues that there are three reasons why the court should

> reconsider its decision on the sufficiency of [the] evidence that could be viewed by a reasonable juror during trial to conclude that Plaintiff has set forth a prima facie claim of discrimination and retaliation sufficient to satisfy the *McDonnell Douglas* Framework, survive summary judgment and proceed to a trial on the merits of his claims.[3]

The first reason that plaintiff argues the court should grant him relief from judgment is that

> a factor in the Court's dismissal of the suit was the Court's finding that Plaintiff had failed to establish that he was treated less favorably than other "similarly

---

[3]Plaintiff's Motion for Reconsideration, Docket Entry No. 34, p. 4.

-5-

situated" persons. However, the Plaintiff's inability to satisfy this burden of proof stems from Defendant's refusal and objection to providing a list of persons who were similarly situated to Plaintiff during his tenure as an employee. Plaintiff sought to obtain this information via a motion to compel Defendant to provide the information despite Defendant's objection **(Dkt. 19)**. But, on January 28, 2019, this Court denied Plaintiff's motion **(Dkt. 26)**. The combination of the Court's January 28, 2019 and May 21, 2019 Orders worked a *de facto* prejudice on Plaintiff's ability to prevail during the summary judgment stage of the case.[4]

Plaintiff's first reason for seeking reconsideration has no merit because the court's denial of the discovery motion that he references had no impact on his ability to establish a prima facie case of discrimination.

In response to the defendant's summary judgment motion, plaintiff argued that he

> was treated less favorably than the other engineers working for Defendant, because despite being told he would be adequately trained on the key software needed to complete his work — Creo — he was only provided "2 hours" of informal training, not by a trainer, but by a co-worker engineer. This difference in treatment negatively affected the conditions of his employment and ultimately led to his termination in September 2015.[5]

Contrary to plaintiff's argument, the court's denial of his discovery motion did not work a de facto prejudice on his ability to prevail during the summary judgment stage of the case because his discovery motion sought a

---

[4]*Id.* at 1-2.

[5]*See* Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 25, pp. 12-13.

> list by name, date of employment, and (if applicable) date of termination, all persons who held the same job title and had the same job duties as Plaintiff within the Engineering Department at the same Kingwood facility where [] Plaintiff [was employed] during Plaintiff's employment.[6]

Plaintiff's discovery motion did not seek a list of similarly situated employees, i.e., employees supervised by the same managers as plaintiff and employees who had received similar performance coaching during their employment, and did not seek any information about the training that the other engineers received. Therefore, the court's denial of plaintiff's discovery motion had no impact on his ability to establish a prima facie case of discrimination.

The second reason that plaintiff argues the court should grant him relief from judgment is that

> Defendant has argued, and the Court agreed that Plaintiff did not provide sufficient evidence to rebut the presumption of a legitimate cause of termination and show [] that it was a pretext to cover discriminatory conduct on Defendant's part. In reaching this decision, the Court appears to have adopted Defendant's argument that Plaintiff was terminated because he did not satisfy the requirements outlined in the Performance Improvement Plan ("PIP") he was placed on by his supervisor, Michael Jahn. The Court points to language in the PIP that claims Plaintiff was being monitored and evaluated on his ability to meet his deadlines in a timely fashion. However, a reasonable juror could evaluate the parties' competing contentions and the documents available in this case to reach a conclusion that Plaintiff's supervisor was not fairly evaluating Plaintiff on the issue of his timeliness. To wit, at the same time Plaintiff was being evaluated on his ability to meet his deadlines, the same supervisor was, or should have been aware, that a

---

[6]Plaintiff's Motion to Compel Defendant to Respond Fully to Discovery Requests, Docket Entry No. 19, p. 3 ¶ 10 (INTERROGATORY NO. 2).

significant reason that Plaintiff was unable to do so was that another engineer, upon who[m] Plaintiff's ability to meet his deadlines was dependent was consistently failing to provide information to Plaintiff that he needed to meet those deadlines.[7]

Attached to plaintiff's motion are minutes from a meeting of the team of engineers working on the same project as plaintiff. Plaintiff argues that the minutes show that an engineer, Guarev D. Kulkarni, was tasked with providing him information,[8] and an email exchange between plaintiff and Kulkarni in which plaintiff "pleads with Kulkarni to get information to him that he needed to meet a project deadline on the very project that Defendant argues shows Plaintiff was not able to timely comply with his deadlines."[9] Plaintiff argues that "[a] juror can find that the 'legitimate' reason for [his] termination that Defendant proffers fails because it is false given the state of the documents, and unfair to Plaintiff."[10]

Plaintiff's second reason for seeking reconsideration has no merit because plaintiff cannot survive summary judgment merely by denying or explaining his alleged deficiencies. The proper inquiry is "whether [the defendant's] perception of [plaintiff's]

---

[7]Plaintiff's Motion for Reconsideration, Docket Entry No. 34, p. 2.

[8]Id. at 2-3 (citing Exhibit A to Plaintiff's Motion for Reconsideration, Docket Entry No. 34-1).

[9]Id. at 3 (citing Exhibit B to Plaintiff's Motion for Reconsideration, Docket Entry No. 34-2).

[10]Id.

performance, accurate or not, was the real reason for [his] termination." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 408-409 (5th Cir. 1999). See also Laxton v. Gap Inc., 333 F.3d 572, 579 (5th Cir. 2003) ("[The inquiry] is not whether [the employer]'s proffered reason was an *incorrect* reason for [the] discharge."). As the Fifth Circuit explained in Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (5th Cir. 1995):

> [E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason. We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue . . . [A] dispute in the evidence concerning . . . job performance does not provide a sufficient basis for a reasonable factfinder to infer that [the] proffered justification is unworthy of credence.

See also Alkhawaldeh v. Dow Chemical Company, 851 F.3d 422, 427 (5th Cir. 2017) ("'Title VII was enacted to prohibit discrimination on the basis of race, gender, and other legislatively enumerated grounds.' It was not enacted to promote 'general fairness in the workplace, or . . . to protect against' the indiscriminate firing of employees.") (citation omitted). Plaintiff has provided no evidence that Jahn did not perceive his job performance to be deficient.

Moreover, the defendant objects to all three exhibits attached to the Plaintiff's Motion for Reconsideration "on grounds of authenticity and hearsay."[11] Citing King v. Dogan, 31 F.3d 344 (5th

---

[11]Defendant's Response to Plaintiff's Motion for Reconsideration ("Defendant's Response"), Docket Entry No. 35, p. 7.

-9-

Cir. 1994) (per curiam), defendant argues that all three of the exhibits attached to Plaintiff's Motion for Reconsideration "consist of unauthenticated meeting notes and emails being offered for the truth of the matter asserted therein. Therefore, this evidence cannot support the relief Plaintiff seeks."[12] In King, 31 F.3d at 346, the Fifth Circuit held that "[u]nauthenticated documents are improper as summary judgment evidence." More than a month has passed since defendant filed its Response to Plaintiff's Motion for Reconsideration and objections to the exhibits attached thereto, but plaintiff has not replied to the defendant's objections. Nor has plaintiff offered any argument or explanation for his failure to cite the evidence on which he now relies in response to the defendant's motion for summary judgment. Accordingly, the defendant's objections to the evidence attached to Plaintiff's Motion for Reconsideration will be sustained.

The third reason that plaintiff argues the court should grant him relief from judgment is that

> the Court highlighted the Defendant's arguments and Plaintiff's deposition testimony that Plaintiff was provided "nearly one dozen training courses and modules" (Court's Opinion, Pg. 14) as contradictory to Plaintiff's claim that he was provided less training that, despite Plaintiff being promised that he would be adequately trained on the software, Plaintiff was singled out by his manager to be placed on a "performance improvement plan" ("PIP"), which included criticisms about his inability to use the same software system fluently, when Plaintiff was never provided adequate training on it. However, evidence exists that a reasonable juror could review to conclude that Plaintiff's contention in this regard was

---

[12] Id.

>       accurate, and that he was not provided adequate training
>       on the Creo software to meet the alleged expectations of
>       his manager that put him on the PIP plan unfairly.[13]

Attached to plaintiff's motion is an email exchange between his manager, Michael Jahn, and Mahesh Varrey, the engineer tasked with training the plaintiff on the relevant software, in which

>       Jahn and Varrey discuss the inadequacy of those same
>       training modules to educate an engineer on proper use of
>       Creo. The engineer that was the subject of the email was
>       Don Fisher, the engineer who started around the same time
>       as Plaintiff and also lacked knowledge of the Creo
>       software.[14]

Plaintiff's third argument has no merit because it is merely an attempt to re-argue an issue that the court considered and decided when ruling on the defendant's motion for summary judgment.[15] Moreover, for the reasons stated above, the court has already concluded that defendant's objections to the evidence plaintiff has attached to his Motion for Reconsideration should be sustained.

**B.    Plaintiff Is Not Entitled to Relief from the Bill of Costs.**

Conceding that a prevailing party is entitled to submit a bill of costs and have reasonable costs taxed to the non-prevailing

---

[13]Plaintiff's Motion for Reconsideration, Docket Entry No. 34, pp. 3-4.

[14]Id. at 4 (citing Exhibit C to Plaintiff's Motion for Reconsideration, Docket Entry No. 34-3).

[15]See Memorandum Opinion and Order, Docket Entry No. 30, pp. 13-14 (concluding that plaintiff failed to establish the fourth prong of his prima facie case under § 1981, Title VII, or the Texas Labor Code because he "failed to submit any evidence from which a reasonable fact-finder could conclude that he was treated less favorably than similarly situated employees outside of his protected classes with respect either to the type or amount of training that he received").

party, plaintiff "respectfully submits that the taxed costs should be limited to those costs incurred to obtain information that formed the basis of the Defendant's summary judgment argument — i.e., the oral deposition transcripts costs."[16] Plaintiff also argues that defendant

> has included in its Bill of Costs, amounts incurred for videotaping the deposition of Plaintiff. This was not necessary because had Plaintiff not shown up for trial his case would be dismissed for want of prosecution. So videotaping over and above the ordinary stenographic means of recording his deposition was unduly excessive, and this Court should not hold Plaintiff to bearing that cost[].
>
> Limiting the taxed costs to account for the above, would reduce the amount of the permitted taxed costs by $2,411.00, which would be more fair, and less burdensome to the Plaintiff under the circumstances.[17]

Asserting that the court's taxation of costs was proper, defendant argues that plaintiff's motion seeking to reduce the taxed costs should be denied because plaintiff failed to timely file objections to the Bill of Costs, and because the taxed costs are reasonable.[18]

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." See Pacheco v. Mineta, 448 F.3d 783, 793

---

[16]Plaintiff's Motion for Reconsideration, Docket Entry No. 34, p. 4.

[17]Id. at 4-5.

[18]Defendant's Response, Docket Entry No. 35, pp. 8-9.

(5th Cir.), cert. denied, 127 S. Ct. 299 (2006). Taxation of costs under Rule 54(d) is a matter within the court's discretion. Id. Nevertheless, Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." Id.

> As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." Id. at 793-94 (quoting Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985)).

Id. at 794. The court may decline to award certain costs, and may only tax as costs the expenses that are listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

See Crawford Fitting Co. v. J. T. Gibbons, Inc., 107 S. Ct. 2494, 2497-98 (1987). Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them. Id. See also Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), cert. denied, 114 S. Ct. 1303 (1994) ("a district court may decline to award the costs listed in the statute but may not award costs omitted from the list"). If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were

necessarily incurred for use in the case and will be taxed. See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. See Fogleman v. ARAMCO (Arabian American Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991).

Asserting that "[p]laintiff's deadline to file any objections to the bill of cost was June 11, 2019,"[19] and that "[p]laintiff failed to timely file objections to Defendant's Bill of Costs,"[20] defendant argues that "[p]laintiff has waived his objections and cannot now seek reconsideration of those taxed costs."[21] Local Rule 54.2 governing Bill of Costs provides, in pertinent part: "An application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment. . . . Objections to allowance of the bill, the attorney's fees, or both must be filed within 7 days of the bill's filing." Here, defendant filed its bill of costs on June 4, 2019 (Docket Entry No. 32), and

---

[19]Id. at 8 (citing S.D. Tex. Local Rule 54.2 (requiring any objections to a bill of costs to be filed within 7 days)).

[20]Id.

[21]Id.

-14-

plaintiff did not object to defendant's bill of costs until June 20, 2019, the date he filed the pending motion for reconsideration. Because plaintiff failed to object to defendant's Bill of Costs within the 7-day period provided by Local Rule 54.2, plaintiff has waived any objection to the cost award by failing to file timely objections. See Carlson v. Rockwell International Corp., 132 F.3d 1453, *2 (5th Cir. 1997) (per curiam) ("We agree with the district court's conclusion that [the plaintiff] waived any objection to the cost award by failing to object to the bill of costs within [the time period allowed by the relevant Local Rule]."). Alternatively, the court concludes that plaintiff's request for reduction in costs should be denied because the costs taxed are proper and reasonable.

Plaintiff objects to defendant's request for costs incurred obtaining third-party records that defendant did not use in its summary judgment motion, but cites no authority in support of this objection. Defendant argues — and the court agrees — that a prevailing party meets its burden to recover such costs by demonstrating a nexus between the costs incurred and the litigation, not between the costs incurred and the summary judgment motion.

Plaintiff objects to defendant's request for costs incurred obtaining a videotape of the plaintiff's deposition. Asserting that he would have appeared for trial, plaintiff argues that incurring this cost was excessive. This court has, however, recognized that costs incurred for videotaped depositions are

properly taxable. See Baisden v. I'm Ready Productions, Inc., 793 F. Supp. 2d 970, 976-77 (S.D. Tex. 2011) (finding costs for both stenographic and video transcripts of depositions were "necessary for the case" for the prevailing party related to both party and non-party witnesses). Accordingly, the court concludes that plaintiff's request for a reduction in costs should be denied.

### IV. Conclusions and Order

For the reasons stated in § III, above, defendant's objections to the evidence attached to Plaintiff's Motion for Reconsideration are **SUSTAINED**, and Plaintiff's Motion for Reconsideration (Docket Entry No. 34) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of August, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE